STATE EX REL. ALFRED E. JAKOBSON v. LEONARD C. SEAMER AND OTHERS.[1]

April 14, 1944.

No. 33,697.

[1]Reported in 14 N. W. (2d) 113.

*Lipschultz & Lipschultz,* for appellant.

*Harry W. Oehler,* Corporation Counsel, and *Hilary J. Flynn,* Assistant Corporation Counsel, for respondents.

LORING, CHIEF JUSTICE.

This is an appeal from an order of the district court dismissing a writ of *certiorari* to review a decision of the Board of Review of the city of St. Paul approving the discharge of appellant from the police force. The members of the Board of Review, its secretary, the city of St. Paul, and its commissioner of public safety are respondents here. Appellant was a detective with over 13 years of service in the department. He was discharged by the commissioner of public safety for insubordination. The only act of insubordination charged was the violation of a rule promulgated by the commissioner which provided:

"Each and every member or employe of the Department shall devote his whole time and attention to the business of the Department, and is expressly prohibited from following any other calling or occupation or being engaged in any other business."

The question presented here is whether the commissioner had authority under the city charter to promulgate such a rule. The rule in question appears as paragraph 196 in a booklet entitled "Rules and Regulations, Bureau of Police, St. Paul, Minnesota." This booklet contains rules and instructions as to the performance of duties of police officers, as to their equipment and the use thereof, as well as their conduct on duty, how to kill a horse or a dog, etc. Other than the rule in question, they seem to relate to administrative details, though no question is here presented as to any other rule.

Appellant had knowledge of the rule against other employment and deliberately violated it. He is a skilled machinist and for over a year was employed in a plant engaged in the production of war materials. He worked there three to five hours a day and, on his

"off day," ten hours. He contends that this rule is invalid because beyond the authority of the commissioner of public safety.

Under a home-rule charter, the city of St. Paul is governed by a mayor and a city council of six members. These councilmen act in a dual capacity, as members of the city council in legislative matters and as executive heads or "commissioners" of administrative departments. Each councilman is assigned by the mayor as a commissioner of one of the six departments.

We are here concerned with the authority of the commissioner of public safety, whose department embraces the bureau of police. Section 350 of chapter XVIII of the charter provides that that department shall be under "the full and complete control, direction and management" of the commissioner. Section 351 reads as follows:

"Upon recommendation of the said commissioner the council shall pass an administrative ordinance defining and creating in detail the organization and arrangement of the department and each and every bureau thereof, covering the transaction of the business thereof and of each bureau, and rules and regulations for the management and government of the department and each and every bureau thereof, defining the powers and duties of all officers and employes of said department and its bureaus subordinate to the said commissioner, provided that the same shall be subject to the provisions of this charter and any ordinance enacted in pursuance thereof, * * *. It is hereby declared to be the intent of this charter that all *administrative details* remain and be in the hands of the said commissioner so that he may secure the best results from his subordinates." (Italics supplied.)

Similar provisions covering the making of rules or regulations by administrative ordinance (which must be enacted by the council) are found in other sections of the charter applicable to other depart-ments and bureaus.[2] Provision is specifically made for the com-

[2] Purchasing Department, § 307; Bureau of Corrections, Workhouse, § 335; Commissioner of Public Works, § 349; Commissioner of Education, §§ 387, 397, 402; Commissioner of Parks, Playgrounds and Public Buildings, §§ 422, 424, 438.

missioner of public safety to *recommend* rules and regulations to be adopted by ordinance for various bureaus under his supervision.[3]

It is clear that the charter contemplates the making of rules and regulations by administrative ordinance. That procedure was not followed here. Respondents' position is that the commissioner's authority for promulgating the rule in question, without the formality of an ordinance, is found in the last sentence of § 351 of the charter. Is "Rule 196," prohibiting employes of the department of public safety from accepting outside employment, such an *administrative detail* as is contemplated by the charter? Express charter provisions require some officers[4] and some specifically enumerated employes[5] to give their entire time to the city. Some specified employes are prohibited from taking outside employment.[6] No such prohibition is made as to police officers or detectives.

The commissioner's authority is unrestricted only as to administrative details. In our opinion, "Rule 196" falls beyond the scope of administrative details. It is therefore ineffective, and appellant's discharge for its violation cannot be sustained.

We express no opinion as to the validity or reasonableness of such a rule if enacted into ordinance.

The order appealed from is reversed and the case remanded for action in accordance with this opinion.

Reversed.

---

[3]Custody of Property, § 354; Bureau of Health, § 373; Public Baths, § 378; Public Comfort Stations, § 380.

[4]Mayor and Councilmen, § 45.

[5]Corporation Counsel and his Assistants, § 177.

[6]Section 348 pertains to the Department of Public Works and provides in part:

"* * * No engineer, surveyor or other skilled officer or employe, shall at any time perform any service for compensation or gratuity or reward for any other person or persons, but shall give and devote all his efforts and time to said department and the city."